# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEVONTE L. LITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 4:19-cv-1786 |
| v. | ) |
| | ) |
| KIRKSTALL ROAD ENTERPRISES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Devonte Little, by his attorneys Simmons Hanly Conroy LLC, for his causes of action against Defendant Kirkstall Road Enterprises, Inc. states and alleges as follows:

### Nature of the Case

Plaintiff Devonte Little is currently awaiting trial in the City of St. Louis ("the City") on several serious felony charges. Defendant Kirkstall Road Enterprises, Inc. ("Kirkstall"), which produces the television program *First 48*, entered into an Agreement with the City to record and obtained information concerning criminal investigations. Pursuant to that Agreement, Kirkstall recorded and obtain information from the investigation leading to Mr. Little's arrest on the pending charges. Said Agreement places all such recorded information within the exclusive control of Kirkstall and makes no provision allowing an accused subject of an investigation, here Mr. Little, access to such recorded information as evidence in his/her defense. Kirkstall removed said information/evidence relating to Mr. Little's charges from Missouri and has refused to cooperate with the prosecution's attempts to return it, so that it could be turned over to Mr. Little.

Mr. Little seeks: a declaration that said Agreement—in so far as it places potentially useful and possibly exculpatory evidence beyond his reach—is void as against public policy and due

process of law, and/or, a mandatory injunction requiring Kirkstall to turn over to him any and all recordings and information relating to the investigation in question.

## Parties, Jurisdiction and Venue

1. Plaintiff Devonte L. Little is a citizen and resident of the State of Missouri currently held in the City of St. Louis Justice Center awaiting trial on several felony indictments.

2. Defendant Kirkstall Road Enterprises, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York or California.

3. Upon information and belief, the value of Kirkstall's copyright and financial interest in the objects of this matter exceeds Seventy-Five Thousand Dollars ($75,000.000). Because there is also complete diversity, federal subject matter jurisdiction exists pursuant to 28 USC § 1332.

4. Kirkstall is amenable to specific (claim-related) personal jurisdiction because the claims asserted herein arise from its transacting business in Missouri, making a contract in Missouri and/or committing tortious acts in Missouri pursuant to section 506.500.1 (1)-(3) RSMo. Said exercise of personal jurisdiction comports with due process because Kirkstall purposefully availed itself of the laws of, and privilege of conducting business in, the State of Missouri when it entered into the Agreement with the City of St. Louis through the City's Metropolitan Police Department to record and obtain information in the State of Missouri concerning criminal investigations by the Department and when, pursuant to said Agreement, employees, agents and representatives of Kirkstall came into Missouri and recorded and obtained information concerning the investigation leading to the chargers for which Plaintiff is awaiting trial.

5.  Venue is proper in this Court pursuant to 28 USC § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred with the Eastern District of Missouri.

## General Allegations

6.  In or around August-September 2016, Kirkstall entered into the Agreement with the City of St. Louis and the City's Metropolitan Police Department (copy attached) providing Kirkstall access to criminal investigations in progress for purposes of its obtaining information and audio-visual recordings to use in the television program *First 48*.

7.  Said Agreement provides access and allows Kirkstall to inject and embed itself into law enforcement's criminal investigations and related activities to a substantially greater extent than traditional news media and journalists with no consideration provided in exchange.

8.  Said agreement provides Kirkstall with exclusive and complete custody, possession and control of all recorded information even to the exclusion of the City of St. Louis, associated law enforcement and prosecutors. It is written with the primary purpose of protecting Kirkstall's copyright and other business interests.

9.  Said Agreement makes no provision for producing all or any part of such recorded information to either the prosecution or defense in cases involving charges from an investigation into which Kirkstall was injected. Said agreement makes no provision whatsoever respecting or protecting the rights of an accused individual who is the subject of such investigations such as Mr. Little.

10. On or about the days before, after and including February 9, 2017, pursuant to said Agreement, employees, agents and representatives of Kirkstall travelled to St. Louis, Missouri and gathered information and created audio-visual recordings of aspects of the investigation leading to the charges for which Plaintiff Mr. Little is awaiting trial. Upon information and belief, said

information and recordings includes matters and content different from and additional to any other available information.

11.   Kirkstall has removed said materials from the State of Missouri and given every indication that it will refuse to produce said materials to anyone or any party associated with Plaintiff's criminal case.

12.   The prosecutor for Plaintiff's criminal case attempted to subpoena said materials from Kirkstall, which responded by asserting in an email that the subpoena was improperly served. By Order of May 23, 2019, the court presiding over Plaintiff's criminal case denied his motion to require further efforts by the State and City to retrieve said materials from Kirkstall.

### Count I – Declaratory Judgment

Plaintiff Devonte Little, through his attorneys, pursuant to sections 28 USC 2201 and 527.010 & 527.020 RSMo, for his cause of action against Defendant Kirkstall Road Enterprises, Inc. alleges as follows:

13.   Plaintiff incorporates herein by references the General Allegations of this Complaint.

14.   It was improper, illegal and in violation of Plaintiff's constitutional rights as a criminal defendant and of public policy for the State or any subdivision thereof to provide intimate, inside access to a criminal investigation while simultaneously completely abdicating any and all control over and access to recorded information generated by Kirkstall.

15.   The provisions of the Agreement giving Kirkstall complete and exclusive control over the materials at issue are solely for the financial benefit and interests of Kirkstall and the protection of its copyright and business interests. Kirkstall was only able to create and obtain said materials by reason of the access afforded to it under the Agreement.

16. Plaintiff is directly and substantially aggrieved by the inability to obtain access to potentially useful and possibly exculpatory evidence contained in said materials.

17. A genuine, ripe controversy capable of resolution by declaration exists between Plaintiff and Kirkstall in that Kirkstall has possession, custody and control of information relevant to criminal charges against Plaintiff to which Plaintiff is being denied access.

18. Plaintiff has no adequate remedy at law or otherwise. *Inter alia*, without more information concerning the nature of the information and events recorded by Kirkstall, Plaintiff may be unable to meet even threshold requirements for seeking sanctions or any procedural relief at the trial of his criminal case.

WHEREFORE, Plaintiff Devonte Little prays this Court declare the provisions of the attached Agreement, which provide Defendant Kirkstall Road Enterprises, Inc. with exclusive possession, custody and control of any and all audio-visual, audio, visual or other recordings and any related information concerning the investigation leading to the charges against him and allowing Defendant to withhold the same, to be void as a matter of public policy and unenforceable and for such other and further relief as this Court deems appropriate.

### Count II – Mandatory Injunction

Plaintiff Devonte Little, through his attorneys for his cause of action against Defendant Kirkstall Road Enterprises, Inc. alleges as follows:

19. Plaintiff incorporates herein by references the General Allegations and ¶¶ 13 – 18 of this Complaint.

20. Even after the relevant provisions of its Agreement are voided, it is unlikely that Kirkstall will produce the materials in question unless expressly ordered to do so.

20. No party or nonparty will suffer significant harm to any legitimate interest by reason of Kirkstall's being required to produce said materials:

(a) Any interests of Kirkstall rest upon provisions of an Agreement which are void, in violation of public policy and therefore not legitimate. Plaintiff has no interest in publishing or publicly disseminating said materials in a manner that would undermine Kirkstall's interest in its rights to broadcast them. Plaintiff seeks only to use the materials in defense of the criminal charges against him.

(b) No interest of the State of Missouri or City of St. Louis will be adversely affected. Requiring Kirkstall to produce said materials will not allow it to avoid any future commitment or obligation to the State of Missouri or City of St. Louis because there are no such obligations or commitments. Requiring the production of said materials will only serve to further the search for the truth with regard to the charges against Plaintiff, which should be as much in the State's interest as in Plaintiff's.

WHEREFORE, Plaintiff Devonte Little prays this Court issue a mandatory injunction requiring Defendant Kirkstall Road Enterprises, Inc. to produce any and all audio-visual, audio, visual or other recordings and any related information concerning the investigation leading to the charges against him and for such other and further relief as this Court deems appropriate.

                                    Respectfully Submitted,

                                    SIMMONS HANLY CONROY

                                    By:   */s/ Andrew S. Williams* .
                                              Andrew S. Williams, #41947
                                              One Court Street
                                              Alton, IL 62002
                                              Phone: 618-259-2222
                                              awilliams@simmonsfirm.com