UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEVONTE L. LITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV1786 RLW |
| | ) | |
| KIRKSTALL ROAD ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kirkstall Road Enterprises, Inc.'s Motion to Dismiss (ECF No. 7). The motion is fully briefed and ready for disposition. Upon review of the motion and related memoranda, the Court finds that it lacks subject matter jurisdiction and thus dismisses the case under rule 12(b)(1) of the Federal Rules of Civil Procedure.

## I. Background

This case stems from an Agreement between the City of St. Louis, Missouri ("City"), the St. Louis Metropolitan Police Department ("SLMPD"), and Defendant Kirkstall Road Enterprises, Inc. ("Kirkstall") to record and obtain information regarding criminal investigations in the City for Kirkstall's television program, *The First 48*. (Compl. ¶ 6, ECF No. 1) Plaintiff Devonte Little ("Plaintiff") is currently awaiting trial in the City on several serious felony charges. (*Id.* at ¶ 1) According to Plaintiff, Kirkstall recorded and obtained information from the investigation leading to Plaintiff's arrest. (*Id.* at ¶ 10) The Agreement gives Kirkstall exclusive control of the recorded information, and Plaintiff is unable to access this evidence to assist in his defense. (*Id.* at ¶¶ 8-11) Plaintiff seeks a declaration from the Court that the Agreement is void as against public policy and due process of law, to the extent the Agreement

"places potentially useful and possibly exculpatory evidence beyond [Plaintiff's] reach." (*Id.* at pp. 1-2; ¶¶ 13-18) Plaintiff also asks the Court to issue an injunction requiring Kirkstall to "turn over to him any and all recordings and information relating to the investigation in question." (*Id.* at p. 2; ¶¶ 19-20)

On June 24, 2019, Plaintiff filed a Complaint in federal court claiming the Court has subject matter jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. On August 14, 2019, Kirkstall filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim, respectively.

## II. Legal Standards

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotation marks omitted). "The purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as 'judicial economy demands that the issue be decided at the outset rather than deferring it until trial.'" *B.A. v. Missouri*, No. 2:16 CV 72 CDP, 2017 WL 106433, at *1 (E.D. Mo. Jan. 11, 2017) (quoting *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)). To dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "'the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.'" *Swiish v. Nixon*, No. 4:14-CV-2089 CAS, 2015 WL 867650, at *2 (E.D. Mo. Feb. 27, 2015) (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (internal quotation marks and citation omitted). "In a facial attack, 'the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (internal citations omitted)). Where a movant raises a factual attack, the court may consider matters outside the pleadings, and the non-movant does not have the benefit of the 12(b)(6) protections. *Id.* (citation omitted).

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can

3

"begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

### III. Discussion

In its motion to dismiss, Defendant Kirkstall contends the Court must dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction based on Plaintiff's lack of standing and failure to establish that the amount in controversy exceeds $75,000. In addition, Kirkstall asserts Plaintiff has failed to allege facts sufficient to state a claim for which relief may be granted, thus warranting dismissal under Rule 12(b)(6).

### Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

While Kirkstall does not indicate whether it is lodging a facial or factual attack, the Court construes the 12(b)(1) motion to dismiss for lack of standing as a facial attack. *See Gaylor v. GS Brentwood LLC*, No. 4:11-CV-506 CAS, 2011 WL 5079588, at *2 (E.D. Mo. Oct. 25, 2011) (treating defendant's motion to dismiss for lack of standing as a facial attack where defendant argued plaintiff was unable to prove the elements of standing). Kirkstall asserts the face of Plaintiff's Complaint is void of facts showing Plaintiff has standing. Thus, the Court will accept as true all facts alleged in the Complaint and consider only those materials necessarily embraced by the pleadings. *Carlsen*, 833 F.3d at 908.

"'Under Article III of the United States Constitution, federal courts may only adjudicate actual cases or controversies.'" *Constitution Party of S. Dakota v. Nelson*, 639 F.3d 417, 420 (8th Cir. 2011) (quoting *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1157 (8th Cir. 2008)). "[I]t is Article III standing that enforces this case-or-controversy requirement." *Id.* "[I]f a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction."

4

*ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). To establish standing, the plaintiff must demonstrate (1) an injury in fact, (2) fairly traceable to the defendant's challenged conduct, and (3) that is likely to be redressed by a judicial decision in Plaintiff's favor. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-560 (1992)).

Here, Defendant asserts, and the Court agrees, Plaintiff is unable to meet the requirements of Article III standing because the Complaint fails to allege an injury in fact. "Injury in fact means an actual or imminent invasion of a concrete and particularized, legally protected interest." *Am. Farm Bureau Fed'n v. U.S. Envtl. Prot. Agency*, 836 F.3d 963, 968 (8th Cir. 2016) (citation omitted). Whether a party has been injured in fact is distinct from that party's potential causes of action. *Id.* (citations omitted). In a declaratory judgment action such as this case, "no actual wrong need have been committed or loss have occurred in order to sustain the action." *Horne v. Firemen's Ret. Sys. of St. Louis,* 69 F.3d 233, 236 (8th Cir. 1995) (internal quotation and citation omitted). However, a plaintiff must show he "'is in immediate danger of sustaining threatened injury traceable to an action of [defendants].'" *Rexam, Inc. v. Mueller*, No. 4:05CV868-DJS, 2005 WL 2491458, at *3 (E.D. Mo. Oct. 7, 2005) (quoting *Cty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004)).

First, Plaintiff claims he has stated an injury in fact based on a threat of ongoing or future harm. Specifically, he contends he has been charged with a serious crime and Kirkstall "may have exculpatory or helpful evidence." (ECF No. 11 p. 3). The Court finds this allegation fails to demonstrate Plaintiff is in immediate danger of sustaining threatened injury traceable to an action of the Kirkstall. Plaintiff's allegations are speculative, at best, based upon an assumption that the video footage contains exculpatory evidence. This is insufficient to show an injury in fact to

5

establish standing. *Cty. of Mille Lacs,* 361 F.3d at 464; *see also Frost v. Sioux City, Iowa,* 920 F.3d 1158, 1161 (8th Cir. 2019) (finding the threat of future injury is "conjectural or hypothetical" and therefore insufficient to confer standing) (quoting *Lujan,* 504 U.S. at 564)).

Plaintiff also argues he can show an injury in fact based upon the contract between Kirkstall and the City/SLMPD. Plaintiff acknowledges he is not a party or a beneficiary to this contract but claims he is a harmed third-party and may properly ask a court to resolve a dispute through a declaratory judgment action. However, the Court notes a plaintiff seeking to void a contract to which he or she is not a party lacks standing. *See, e.g., Rogers v. Bank of Am. N.A.,* 787 F.3d 937, 939 (8th Cir. 2015) (finding plaintiff lacked standing to invalidate foreclosure based on violation of a trust agreement to which plaintiff was not a party); *Ponchik v. King,* 957 F.2d 608, 609 (8th Cir. 1992) (finding plaintiffs lacked standing to sue where they were not parties to the contract or third-party beneficiaries); *Anderson v. Aramark Mgmt. Servs. Ltd. P'ship,* No. 4:16-CV-1700 (CEJ), 2017 WL 1477147, at *4 (E.D. Mo. Apr. 24, 2017) (finding plaintiffs lacked standing to seek a declaration of rights under an agreement where they failed to present evidence that they were parties to or third-party beneficiaries of the agreement). Therefore, the Court finds Plaintiff is unable to show he has standing under the contract to seek declaratory judgment declaring the contract void.

Last, Plaintiff claims he has standing to invoke his legal rights under the Due Process Clause because Kirkstall's contract with state officials renders the recording of Plaintiff's investigation a prohibited state action. However, nothing in Plaintiff's Complaint alleges Kirkstall is a state actor by virtue of its contract with the City. Further, "[t]o be a state actor, it is not enough that an actor have a contract with the state; there is state action when a private actor had a contract with the state and additional factors strengthened the nexus between the state and

the challenged action." *Estate of Schwartz v. Assisted Recovery Centers of Am., LLC*, No. 4:16 CV 673 JMB, 2017 WL 840542, at *6 (E.D. Mo. Mar. 3, 2017) (citation omitted). While many tests exist to determine whether a private corporation acts under color of state law, "the ultimate issue is whether the private corporation's actions are fairly attributable to the state." *Estate of Beelek v. Farmington Missouri Hosp. Co., LLC*, No. 4:10CV2068 CDP, 2011 WL 4008018, at *3 (E.D. Mo. Sept. 8, 2011) (internal quotation and citations omitted). The Court finds Kirkstall's role of recording criminal investigations for a television series is not an action fairly attributable to actions of the state.

Thus, the Court holds Plaintiff lacks standing to assert a claim against Kirkstall, and the action must be dismissed under Fed. R. Civ P. 12(b)(1) for lack of subject matter jurisdiction. Because the Court lacks subject matter jurisdiction on the basis that Plaintiff does not have standing, the Court need not, and cannot, address Kirkstall's remaining grounds for dismissal. *Sarasota Wine Mkt., LLC v. Parson*, No. 4:17CV2792 HEA, 2018 WL 3122580, at *3 (E.D. Mo. June 26, 2018).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kirkstall Road Enterprises, Inc.'s Motion to Dismiss (ECF. No. 7) is **GRANTED.** A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of January, 2020.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**